FILED
APR 2 5 2011
Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

Samuel N. McCoo, Jr., )
)
    Plaintiff, )
)
v. ) Civil Action No. 11 0782
)
Civil Court Clerks Office of the )
U.S. District Court *et al.*, )
)
    Defendants. )

## MEMORANDUM OPINION

This matter is before the Court on the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The Court will grant the application and dismiss the complaint pursuant to 28 U.S.C. § 1915(e), which requires the district court to dismiss a complaint upon a determination that, among other grounds, it is frivolous or seeks monetary relief against an immune defendant. 28 U.S.C. § 1915(e)(2)(B)(i)(iii).

The plaintiff claims that he has been "injured by the neglectful activity of the [defendants] in thier [sic] legally bound and obligated duties." Civil Complaint at 1. Most of the plaintiff's accusations are unclear but he alleges that the "civil clerks neither took time to see, nor read, nor apply the civil rules or civil process practice, to the civil matter I presented." *Id.* at 7. He also accuses the defendants of being rude to him. *Id.* The plaintiff seeks damages exceeding $60 million. *Id.* at 9.

In this Circuit, absolute judicial immunity extends to clerks of the court. *Sindram v. Suda*, 986 F.2d 1459, 1460-61 (D.C. Cir. 1993) (per curiam). Therefore, "clerks, like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial

process," *id.*, which appears to form the basis of this lawsuit. *Cf. id.* at 1461 ("in so far as the complaint states them intelligibly-their '[a]ssistance in preparing and dissemination of' the opinion of one of the defendant judges; their directing plaintiff's causes of action to the defendant judges; and their 'institut[ing] an erroneous order against Plaintiff barring his access to the court'-are indisputably 'integral parts of the judicial process' and are within their jurisdiction.") (alterations in original). Moreover, the complaint presents the type of "fanciful factual allegation[s]" that are subject to dismissal as frivolous. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). It therefore will be dismissed.[1]

/s/ Royce C. Lamberth
United States District Judge

Date: April 20, 2011

---

[1] A separate Order accompanies this Memorandum Opinion.